IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN D. SALTZ, | ) | CASE NO. 3:17 CV 0424 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CHAE HARRIS, | ) | |
| | ) | **REPORT AND** |
| Respondent. | ) | **RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of John D. Saltz for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Saltz is incarcerated by the State of Ohio at the Allen Correctional Institution[3] where he is serving a sentence of life imprisonment with a possibility of parole in 15 years, imposed on him in 2014 by the Hancock County Court of Common Pleas after Saltz was found guilty by a jury of rape of a victim under the age of ten.[4]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary in a non-document order entered on March 13, 2017.
[2] ECF No. 1.
[3] Although his petition states that he is at the Warren Correctional Institution (ECF No. 1), the website for the Ohio Department of Rehabilitation and Correction ("ODRC") identifies Saltz as an inmate at the Allen Correctional Institution.
[4] ECF No. 11, Attachment 2 (state record) at 49, 53.

Saltz raises four grounds for relief[5] that the State contends are all procedurally defaulted and must be dismissed.[6] For the reasons set forth below, I will recommend that the petition be dismissed.

## Facts

Given that the analytical inquiry here will be solely on the alleged procedural default,[7] the background facts and procedural history will be briefly summarized.

At Saltz's trial for rape of a person under age ten, the jury heard testimony from the victim's grandmother and Saltz's former wife, the investigating detective, the BCI lab technician who worked with the physical evidence, and an expert on the DNA evidence, among others, but not Saltz.[8] After the conviction and sentence, Saltz timely appealed, raising an issue about the admission of out-of-court statements by the victim to her grandmother and parents[9] and also challenging his conviction as not supported by sufficient evidence.[10] The Ohio appeals court overruled both assignments of error.[11] Saltz did not appeal that decision to the Ohio Supreme Court.[12]

---

[5] ECF No. 1.

[6] ECF No. 11.

[7] I note that the State accepts that the petition is timely filed (ECF No. 1 at 15-17) and there is no indication that this is a second or successive petition. I also acknowledge that the State has extensively briefed the merits of the claims as the basis for an alternative resolution. ECF No. 11 at 24-38.

[8] ECF No. 11, Attachment 2 at 125-36.

[9] *Id.* at 136.

[10] *Id.* at 137.

[11] *Id.* at 145.

[12] *See* ECF No. 11 at 10.

Before the appeals court had entered its opinion, Saltz, *pro se*, filed a motion with the trial court to vacate or set aside judgment.[13]  The motion was denied[14] and there was no appeal.[15]  Subsequently, Saltz, *pro se*, filed a Rule 26(B) application to reopen his appeal, raising two grounds of ineffective assistance of appellate counsel.[16]  After that application was denied,[17] Saltz appealed to the Supreme Court of Ohio.[18]  The Ohio Supreme Court declined to accept jurisdiction and dismissed the appeal.[19]

Here, Saltz raises four grounds for federal habeas relief:

1) His confrontation clause rights were violated by the admission of the victim's hearsay testimony.

2) He was denied his right to confront his accuser when the trial court ruled the victim would not testify.

3) His conviction was supported by insufficient evidence.

4) "Structural error" occurred after Saltz was denied assistance of counsel in his state appeal as of right.[20]

The State maintains that all four grounds are procedurally defaulted or, alternatively, without merit.  Saltz did not file a traverse.

---

[13] ECF No. 11, Attachment 2 at 146.
[14] *Id.* at 154.
[15] *See* ECF No. 11 at 12.
[16] ECF No. 11, Attachment 2 at 160.
[17] *Id.* at 165.
[18] *Id.* at 167.
[19] *Id.* at 197.
[20] ECF No. 1.

## Analysis

The record shows that Saltz never filed an appeal with the Supreme Court of Ohio after his appeal as of right to the Ohio appeals court was denied. His claims on direct appeal were never presented to Ohio courts through one full round of the state's established appellate review process and so are procedurally defaulted.[21] Further, the claims raised in Saltz's post-conviction petition regarding ineffective assistance of trial counsel were also never raised to the Ohio Supreme Court because Saltz did not elect to appeal the denial of his motion by the trial court.

Saltz filed a Rule 26(B) application to reopen the appeal, arguing the ineffective assistance of appellate counsel and then appealed the denial of that application to the Ohio Supreme Court.[22] But the claims of ineffective assistance raised in this application – that his appellate counsel twice improperly combined separate constitutional errors into single claims[23] – are not part of his present claims for habeas relief.

Although phrased in confusing and imprecise terms, the present habeas Ground Four – which on its face purports to deal with a "structural error [that] occurred in the convictions" – cannot reasonably be understood as referring to the Rule 26(B) claim that

---

[21] *O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999).

[22] As the State notes, by including new claims never raised to the appellate court in the appeal to the Supreme Court regarding the Rule 26(B) application, Saltz would be considered to have procedurally defaulted those claims, if asserted here, because the Supreme Court will not consider claims not previously adjudicated by the appeals court. ECF No. 11 at 18 (citation omitted).

[23] *See* ECF No. 11, Attachment 2 at 165 (the appeals court decision).

deals with the manner in which appellate counsel organized the assignments of error in the appellate brief.  Even if Saltz arguably did present claims of ineffective assistance of appellate counsel through one complete round of Ohio's review procedure, the current Ground Four is procedurally defaulted on the basis of fair presentment for being a distinctly different claim than those asserted in the Rule 26(B) application.[24]

As noted above, Saltz has not filed a traverse and so has raised no arguments of cause and prejudice to excuse the default, nor has he asserted actual innocence.  The physical evidence produced at trial, which the State properly characterizes as "devastating," showed Saltz's DNA on the victim's underwear.[25]  Taken together with Saltz's silence, this evidence establishes that there is no prejudice to Saltz by this Court not addressing the claims asserted here and establishes that Saltz is not actually innocent.

## Conclusion

For the reasons stated above, I recommend that the *pro se* petition of John D. Saltz for a writ of habeas corpus under 28 U.S.C. § 2254[26] be dismissed as procedurally defaulted.

IT IS SO RECOMMENDED.

Dated: November 21, 2018                              s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[24] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citation omitted).
[25] ECF No. 11 at 32 (citing record).
[26] ECF No. 1.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[27]

---

[27] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).